[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 28, 2006
THOMAS K. KAHN
CLERK

No. 05-12288
Non-Argument Calendar

_____

D. C. Docket No. 02-61791-CV-JAL

EVERETT BROWN,

Plaintiff-Appellant,

versus

BOSTON MARKET CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 28, 2006)**

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Plaintiff Everett Brown appeals the district court's order denying his verified

motion for new trial, which he filed after the jury returned a verdict in favor of his

former employer, Boston Market Corporation ("Boston Market"), on Brown's claims alleging violations of the Florida Civil Rights Act of 1992, Fla. Stat. § 760.91 et seq., based on race (black) and national origin (Jamaican) discrimination. On appeal, Brown argues the district court erred by denying his motion for new trial based on (1) Boston's Market's references, during opening statement and closing argument, to Brown's prior lawsuits and claims against other former employers; (2) Boston Market's cross-examination of Brown concerning a prior complaint against his former employer, Premier Cruise Lines, and the submission of the prior complaint, as Exhibit 31, to the jury despite that it was not offered into evidence; and (3) the introduction into evidence of Brown's prior claim for worker's compensation benefits against another former employer, Golden Corral. After careful review, we affirm.[1]

We review a district court's decision on a motion for new trial for abuse of discretion. See Lambert v. Fulton County, Ga., 253 F.3d 588, 595 (11th Cir. 2001).

---

[1] In his notice of appeal, Brown enumerated only the order denying his verified motion for new trial. Accordingly, we lack jurisdiction to consider his other arguments, which concern the district court's adoption of the magistrate judge's recommendation on Boston Market's motion for sanctions. See Whetstone Candy Co., Inc. v. Kraft Foods, Inc., 351 F.3d 1067, 1079-80 (11th Cir. 2003) (" Where an appellant notices the appeal of a specified judgment only . . . this court has no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal." (internal citations and quotation marks omitted)); see also Fed. R. App. P. 3(c)(B) (requiring that the notice of appeal "designate the judgment, order, or part thereof being appealed").

We accord significant weight to a district court's exercise of its broad discretion in determining whether to set aside a jury verdict and grant a post-verdict new trial:

> [t]he standard for determining whether a jury verdict should be set aside as a result of misconduct of counsel is whether the conduct was such as to impair gravely the calm and dispassionate consideration of the case by the jury. The trial judge is given broad discretion in controlling counsel's arguments. Absent an abuse of discretion, the decision of the trial court, which has had the opportunity to hear the offensive remarks within the context of the argument and to view their effect on the jury, should not be disturbed.

BankAtlantic v. Blythe Eastman Paine Webber, Inc., 955 F.2d 1467, 1474 (11th Cir. 1992) (internal quotation marks and citations omitted). In addition to the high standard of review otherwise applicable here, Brown's failure to raise his present arguments in a timely manner in the district court further limits the extent of our review. See generally Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331-33 (11th Cir. 2004).

From our review of the record, Brown had numerous opportunities in the district court to contemporaneously raise the objections and arguments he now forwards here. He repeatedly failed to do so. [2] Under similar procedural

---

[2]For example, after the district court directed the parties to review all exhibits before they were submitted to the jury, Brown raised no objections to Boston Market's proposed exhibits. One of the exhibits, Exhibit 31, was a copy of the complaint Brown filed against his prior employer, Premier Cruise Lines. The prior complaint, although itself not introduced into evidence, was referenced during Brown's own testimony, as well as during his opening statement and closing argument, all without objection. Moreover, when Boston Market cross-examined Brown on the prior complaint to impeach his credibility, there was no objection. Finally, when Boston Market discussed

3

circumstances, we have held that we simply cannot, and will not, address such improperly preserved arguments for this first time on appeal:

> This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court. The reason for this prohibition is plain: as a court of appeals, we review claims of judicial error in the trial courts. If we were to regularly address questions -- particularly fact-bound issues -- that districts court never had a chance to examine, we would not only waste our resources, but also deviate from the essential nature, purpose, and competence of an appellate court.

> In Irving v. Mazda Motor Corp., 136 F.3d 764 (11th Cir. 1998), we expressed our concern that "[t]oo often our colleagues on the district courts complain that the appellate cases about which they read were not the cases argued before them. We cannot allow Plaintiff to argue a different case from the case she presented to the district court." Id. at 769. We share that concern. Plainly, as an appellate court with no fact finding mechanism, and, indeed, without any factual averments made in the trial court, we are naturally hesitant to consider this claim. We also observe that the plaintiffs had every opportunity to raise the new theory in district court, whether in their initial complaint or in an effort to amend their complaint.

Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) (citations, internal quotation marks, and footnote omitted).[3]

---

the prior complaint during its closing argument, Brown did not object. It was only after the case was submitted to the jury that Brown objected to the inclusion of Exhibit 31 in the jury's materials (and simultaneously moved for a new trial). The district court highlighted Brown's failure to raise this issue in a timely manner, despite that he had the opportunity to do so. The court, nevertheless, issued a curative instruction, directing the jury to remove Exhibit 31 from the package of materials and not to consider it in the deliberations.

[3]None of the "exceptional conditions" that constitute exceptions to this rule apply here. See Access Now, 385 F.3d at 1332-33 (discussing five "exceptional conditions" in which the Court will

On this record, we will not address the litany of arguments Brown asserts, for the first time here, relating to Exhibit 31 and Boston Market's arguments concerning his prior lawsuit against Premier Cruise Lines and prior worker's compensation claim against Golden Corral.[4] Accordingly, we affirm the final judgment in favor of Boston Market.

**AFFIRMED**.

consider issues raised for the first time on appeal).

[4]We observe that the district court found that Brown suffered no prejudice from the erroneous submission of Exhibit 31 to the jury. In light of Brown's testimony, his own counsel's argument referencing the prior lawsuit, his failure to object to Boston Market's cross-examination of him on the subject, and Boston Market's unobjected-to opening statement and closing argument referencing the prior lawsuit, even if we reached the merits of Brown's claim that a new trial was warranted, we would be hard-pressed to find an abuse of discretion on the district court's part in denying his motion for new trial.